Submitted May 3; convictions on Counts 1 and 2 reversed and remanded for entry of conviction for one count of first-degree rape, remanded for resentencing, otherwise affirmed May 26, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONDRAE DEVANTE JEFFERSON,
*Defendant-Appellant.*

Washington County Circuit Court
18CR54364; A172083

487 P3d 450

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Convictions on Counts 1 and 2 reversed and remanded for entry of conviction for one count of first-degree rape; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted by a unanimous jury of first-degree rape, ORS 163.375 (Count 1), three counts of second-degree sexual abuse, ORS 163.425 (Counts 2, 3, and 5), and third-degree rape, ORS 163.355 (Count 4). He argues on appeal that the trial court erred in denying his motion for judgment of acquittal on the first-degree rape charge. We reject that argument without discussion. He next argues that the trial court committed structural error in instructing the jury that its verdicts need not be unanimous and that all of his convictions should be reversed. Although the jury instruction was erroneous, *see Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the error is not structural and does not entitle defendant to reversal of his convictions based on unanimous verdicts. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Finally, defendant asserts that the trial court plainly erred in failing to merge the guilty verdicts for Counts 1 and 2, first-degree rape and second-degree sexual abuse. The state agrees that the failure to merge those verdicts constituted reversible plain error.

We agree and accept the state's concession. Defendant's convictions for first-degree rape and second-degree sexual abuse (Count 2) concerned the same act and, given the way the offenses were pleaded in this case, Counts 1 and 2 merge pursuant to ORS 161.067(1). For the reasons set forth in *State v. Sheikh-Nur*, 285 Or App 529, 533, 398 P3d 472, *rev den*, 361 Or 886 (2017), we exercise our discretion to correct the error.

Convictions on Counts 1 and 2 reversed and remanded for entry of conviction for one count of first-degree rape; remanded for resentencing; otherwise affirmed.