Submitted August 20, 2020, affirmed February 2, 2022

In the Matter of A. E. J.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

A. E. J.,
*Appellant.*

Yamhill County Circuit Court
18JU06369; A169802

505 P3d 422

Ladd J. Wiles, Judge.

Matthew J. Steven, and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeHoog, Judge pro tempore.

PER CURIAM

Affirmed.

**PER CURIAM**

Youth appeals from a delinquency proceeding finding her within the jurisdiction of the juvenile court based on conduct that, if committed by an adult, would constitute the crimes of harassment, ORS 166.065,[1] and attempted fourth-degree assault, ORS 161.405(2)(e).[2] On appeal, youth raises three assignments of error. In youth's first assignment of error, she asserts that the juvenile court erred by finding that she had not acted in self-defense. In youth's second and third assignments of error, she asserts that the court erred by finding her within its jurisdiction for harassment and attempted fourth-degree assault, contending that the evidence was legally insufficient to support that finding. For the reasons that follow, we conclude that youth did not preserve the assignments of error that she advances on appeal and that it would not be appropriate to address the claims on a "plain error" basis. Accordingly, we affirm.

Neither party has requested that we conduct *de novo* review, and we decline to do so. ORS 19.415(3)(b). Therefore, we review the juvenile court's legal conclusions for errors of law, and we are bound by its findings of historical fact as long as they are supported by evidence in the record. *State v. J. M. M.*, 268 Or App 699, 703-04, 342 P3d 1122 (2015). We review a challenge to the sufficiency of the evidence to determine whether, "viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. J. C. L.*, 261 Or App 692, 700, 325 P3d 740 (2014). If the juvenile court did not make express findings on disputed issues of fact, and the evidence permits the dispute to be resolved in more than one way, we will presume that the court decided the facts in a way that is

[1] ORS 166.065 provides, in part:

"(1) A person commits the crime of harassment if the person intentionally:

"(a) Harasses or annoys another person by:

"(A) Subjecting such other person to offensive physical contact; or

"(B) Publicly insulting such other person by abusive words or gestures in a manner intended and likely to provoke a violent response[.]"

[2] ORS 161.405(1) provides that a "person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

consistent with its ultimate conclusion. *See Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). We state the facts of this case consistently with those principles.

During a family gathering, youth and her father had a dispute that led to her father telling her to leave the room multiple times, which youth refused to do. Youth's father, who is the victim in this case, had previously been convicted of assaulting youth and her mother. On this occasion, youth's father seemed to have been drinking, was red-faced, and appeared "intimidating." Youth's father told her to "hit him," and youth struck him on the cheek. Youth's father then left the gathering; he called the police the following day to report the incident.

Youth alleges various errors on appeal relating to the juvenile court's denial of her self-defense claim. First, youth contends that the juvenile court applied an incorrect legal standard by applying a "parental discipline defense" on behalf of her father. Second, youth asserts that the court erroneously failed to apply a "reasonable child" standard when assessing the youth's self-defense claim. The state responds that youth failed to preserve those arguments at trial. The state argues that, because youth did not argue that the evidence was legally insufficient to establish that youth did not act in self-defense, but instead made a factual appeal that the trial court should not be persuaded by the evidence presented by the state, her legal arguments on appeal are not preserved. Youth, on the other hand, contends that she preserved her appeal issues in her closing argument, in which she made a factual appeal arguing that the state had failed to disprove her self-defense claim beyond a reasonable doubt.

We agree with the state that youth's closing argument did not preserve the legal arguments she advances on appeal. Although a party may preserve a challenge to the legal sufficiency of the evidence by raising that issue in closing argument, not all closing arguments will accomplish that objective. *State v. R. W. G.*, 288 Or App 238, 240-41, 404 P3d 1131 (2017) (distinguishing cases where the asserted legal insufficiency of the state's evidence was preserved in closing argument from cases where the asserted legal

insufficiency was not preserved). For a closing argument to preserve a challenge to the legal sufficiency of the evidence, it must sufficiently identify the asserted legal insufficiency as such, and not merely argue that the court should not be persuaded by the state's evidence. *Id*.

In this case, youth's closing argument failed to include any discussion regarding the asserted legal insufficiencies of the state's case. Youth did not challenge the self-defense standard that the juvenile court applied, nor did she dispute the juvenile court's reference to parental discipline at trial. Instead, youth argued that the juvenile court should find her version of the facts to be credible and, as a result, should conclude that the state had failed to meet its burden to disprove her self-defense claim. As a result, youth's factual appeal during closing to the juvenile court did not preserve the legal-sufficiency arguments that youth now advances on appeal. Moreover, youth does not attempt to overcome the lack of preservation by arguing that the juvenile court committed plain error, and, because youth has not explicitly asked us to conduct plain-error review, we "will not proceed to [that] question[.]" *J. D. v. S. K.*, 282 Or App 243, 249, 385 P3d 1161 (2016), *rev den*, 361 Or 439 (2017) (declining to consider a particular argument on appeal "because it is unpreserved and petitioner does not request plain error review").

Affirmed.