***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 15, 2022; orders of commitment vacated and remanded
for written findings under ORS 419C.478(1); adjudications for first-
degree rape (Count 6) and second-degree sexual abuse (Count 7) reversed and
remanded for entry of a judgment reflecting adjudication for a single count of
first-degree rape and for redisposition, otherwise affirmed January 5, 2023

In the Matter of B. L. F.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

B. L. F.,
*Appellant.*

Crook County Circuit Court 20JU05847;
A175216 (Control), A175217, A175220,
A175221, A175222, A175223

Daina A. Vitolins, Judge.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Orders of commitment vacated and remanded for written findings under ORS 419C.478(1). Adjudications for first-degree rape (Count 6) and second-degree sexual abuse (Count 7) reversed and remanded for entry of a judgment reflecting adjudication for a single count of first-degree rape and for redisposition; otherwise affirmed.

**HELLMAN, J.**

Youth appeals from a delinquency disposition judgment. On appeal, youth raises five assignments of error. For the following reasons, we vacate the orders of commitment and remand for written findings under ORS 419C.478(1), reverse and remand the adjudications for first-degree rape (Count 6) and second-degree sexual abuse (Count 7) for entry of a judgment reflecting adjudication for a single count of first-degree rape and for redisposition, and otherwise affirm.

In his first three assignments of error, youth argues that the evidence was insufficient for the juvenile court to adjudicate him delinquent for four counts of second-degree sexual abuse and first-degree rape. Youth contends he preserved the errors in his closing argument. After a review of the record, we disagree with youth's contention and conclude that youth's arguments were not preserved. *See State v. A. E. J.*, 317 Or App 363, 365, 505 P3d 422 (2022) (explaining that a closing argument must "sufficiently identify the asserted legal insufficiency as such, and not merely argue that the court should not be persuaded by the state's evidence"). Accordingly, we do not address them.

In his fourth assignment of error, youth asserts that the juvenile court plainly erred because it failed to merge the adjudication for sex abuse in the second degree (Count 7) into the adjudication for first-degree rape (Count 6). The state concedes that the charges "were based on the same incident" and that the error qualifies for plain-error review.

Because merger principles apply in juvenile delinquency proceedings, *State v. K. R. S.*, 298 Or App 318, 323, 449 P3d 511 (2019), we accept the state's concession and exercise our discretion to correct the error for the reasons stated in *State v. Sheikh-Nur*, 285 Or App 529, 533, 398 P3d 472, *rev den*, 361 Or 886 (2017). *See State v. Jefferson*, 311 Or App 754, 487 P3d 450 (2021) (accepting the state's concession and exercising discretion to correct the trial court's error in failing to merge convictions for first-degree rape and second-degree sexual abuse).

In his fifth assignment of error, youth argues that the juvenile court erred when it failed to provide written

findings pursuant to ORS 419C.478(1). We agree. The juvenile court's findings of "case planning" and "placement purposes" do not describe why placement in Oregon Youth Authority custody is in youth's best interests and thus did not satisfy the statute's requirements. *See, e.g.*, *State v. S. D. M.*, 318 Or App 418, 420, 506 P3d 1190 (2022) (concluding that the juvenile court's finding that "youth violated the requirements of probation; he did not follow the rules of sex offender treatment" did not satisfy ORS 419C.478(1)).

Orders of commitment vacated and remanded for written findings under ORS 419C.478(1). Adjudications for first-degree rape (Count 6) and second-degree sexual abuse (Count 7) reversed and remanded for entry of a judgment reflecting adjudication for a single count of first-degree rape and for redisposition; otherwise affirmed.