644 May 15, 2024 No. 331

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. B. M.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

C. B. M.,
*Appellant.*

Linn County Circuit Court
22JU02188; A179818

Brendan J. Kane, Judge.

Submitted April 12, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this juvenile delinquency case, youth appeals, arguing that the juvenile court erred in adjudicating her as within the court's jurisdiction for second-degree disorderly conduct, ORS 166.025(1)(a), because there was insufficient evidence to support the adjudication.

We have reviewed the record and agree with the state that youth did not preserve her contention regarding the sufficiency of the evidence. At the adjudication, youth argued that the victim's testimony was not credible and, therefore, the state failed to meet its burden of proof. That argument did not preserve youth's sufficiency challenge and provides no basis for reversal. *State v. A. E. J.*, 317 Or App 363, 366, 505 P3d 422 (2022) (youth's argument that the juvenile court should find her version of the facts to be credible and, as a result, should conclude that the state had failed to meet its burden to disprove her self-defense claim, did not preserve the legal-sufficiency arguments advanced on appeal).

Youth further contends that, as a result of the insufficiency of evidence, the asserted error in adjudicating youth to be within the court's jurisdiction was plain error. We have reviewed the record and agree with the state that the record contains sufficient evidence supporting the juvenile court's judgment and that, therefore, any error was not plain.

Affirmed.