350 January 8, 2025 No. 27

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LANCE T. HARRINGTON,
aka Lance Taylor Harrington,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR09180; A181152

Michael C. Wetzel, Judge.

Submitted November 20, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Convictions on Counts 1 and 4 reversed and remanded for entry of conviction for one count of first-degree rape; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was charged in two separate indictments with offenses relating to incidents in July 2019 and June 2020, respectively, involving his then-girlfriend. The indictments were consolidated before trial over defendant's objection. Defendant waived his right to a jury trial, and the charges were tried to the court. Defendant was acquitted of the charges relating to the 2019 incident, which were two counts of strangulation. As for the 2020 incident, he was convicted of first-degree rape, ORS 163.375 (Count 1), first-degree sexual abuse, ORS 163.427 (Count 3), second-degree sexual abuse, ORS 163.425 (Count 4), and first-degree burglary, ORS 164.225 (Count 5), and he was acquitted of first-degree sodomy and strangulation.

In his first assignment of error, defendant challenges the consolidation ruling. The trial court consolidated the indictments after concluding that the charges were of the "same or similar character," ORS 132.560(1)(b)(A), and that joinder would not substantially prejudice defendant, ORS 132.560(3). *See State v. Brown*, 326 Or App 46, 52, 531 P3d 178, *rev den*, 371 Or 332 (2023) (factors relevant to whether charges were of the "same or similar character," ORS 132.560(1)(b)(A), include "the temporal proximity of the acts, similarities in the elements of the offenses, whether there will be similar evidence or evidentiary overlap, and whether the charges involve the same or similar victims, locations, intent, modus operandi, or acts" (internal quotation marks omitted)). Defendant contends that that ruling was erroneous, while the state defends it.

We need not address the merits of the consolidation ruling, because any possible error in consolidating the indictments was harmless. *See State v. Smith*, 308 Or App 639, 647, 481 P3d 363 (2021) (misjoinder is not a reversible error if it was harmless, *i.e.*, if there is little likelihood that it affected the verdict). The trial court acquitted defendant on the 2019 charges. Moreover, in announcing its verdicts, the court was asked to rule on and did rule on an issue that had been raised but not decided pretrial, stating that the 2019 incident was inadmissible "prior bad act" evidence for purposes of the 2020 charges and that it was "not letting it

in" for that purpose. The court expressly stated that it did not consider the 2019 incident in determining guilt on the 2020 charges.

Under the circumstances, there is little likelihood that the consolidation of the indictments, which resulted in the 2019 evidence being heard in the same trial with the 2020 charges, affected the verdict on the 2020 charges. *See id.* (in assessing harmlessness in this context, "we consider whether the misjoinder led to the admission of evidence that would not have been admissible but for the joinder and, if so, whether that evidence affected the verdict"). The court essentially gave itself a limiting instruction and confirmed that it had followed that limiting instruction. We reject the first assignment of error on that basis.

In his second assignment of error, defendant argues that the trial court erred in failing to merge the guilty verdicts for first-degree rape (Count 1) and second-degree sexual abuse (Count 4). He acknowledges that he did not preserve his claim of error and requests plain-error review.[1] The state concedes that the trial court plainly erred and that we should exercise our discretion to correct it. We agree.

The first-degree rape and second-degree sexual abuse charges involved the same conduct—a single instance of sexual intercourse—and the same victim. The first-degree rape charge was based on defendant using forcible compulsion to engage in sexual intercourse with the victim, ORS 163.375(1)(a), and the second-degree sexual abuse charge was based on defendant having sexual intercourse with the victim without her consent, ORS 163.425(1)(a). Merger is governed by ORS 161.067, and, under that statute, it was plain error not to merge the verdicts. *See State v. Benson*, 309 Or App 422, 439-40, 483 P3d 689 (2021), *aff'd on other grounds*, 370 Or 58, 514 P3d 491 (2022) (holding that it was plain error not to merge the verdicts for first-degree

---

[1] *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (allowing discretionary review of "plain" errors). An error is "plain" when it is an error of law, is obvious and not reasonably in dispute, and is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

rape and second-degree sexual abuse in analogous circumstances); *State v. Jefferson*, 311 Or App 754, 755, 487 P3d 450, *rev den*, 368 Or 787 (2021) ("Defendant's convictions for first-degree rape and second-degree sexual abuse (Count 2) concerned the same act and, given the way the offenses were pleaded in this case, Counts 1 and 2 merge pursuant to ORS 161.067(1).").

It is appropriate that we exercise our discretion to correct the error, given its gravity, the absence of any strategic reason for defendant not to have objected, and the minimal burden on the judicial system in ordering amendment of the judgment and resentencing. *See State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009) (exercising discretion for similar reasons in analogous circumstances). Accordingly, we reverse defendant's convictions for first-degree rape (Count 1) and second-degree sexual abuse (Count 4) and remand with instructions to merge those verdicts and enter a conviction for first-degree rape and for resentencing. The judgment is otherwise affirmed.

Convictions on Counts 1 and 4 reversed and remanded for entry of conviction for one count of first-degree rape; remanded for resentencing; otherwise affirmed.