No. 529 June 10, 2026 525

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SIR GIORGIO SANFORD CLARDY,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
22CV21648; A182908

Robert F. Nichols, Jr., Senior Judge.

Submitted December 5, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant. Sir Giorgio Sanford Clardy filed the supplemental briefs *pro se.*

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Petitioner appeals from the post-conviction court's denial of post-conviction relief. Petitioner raises four assignments of error. We affirm on his first three assignments of error and reverse and remand as to his fourth.

In his first three assignments, petitioner contends that the post-conviction court erred in granting the state's motion for summary judgment regarding three of petitioner's claims: prosecutorial misconduct, newly discovered evidence, and trial court error. Because petitioner's argument rests on his contention that *Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994) was wrongly decided and we are bound by the Supreme Court's decision in *Palmer*, we reject petitioner's first three assignments. *Zyst v. Kelly*, 338 Or App 597, 601, 566 P3d 1121, *rev den*, 374 Or 188 (2025).

In petitioner's fourth assignment of error, he contends that the post-conviction court erred when it denied relief on his claim of ineffective assistance of appellate counsel for failure to request reversal of petitioner's convictions in one of his cases ("prostitution case"). In his direct appeal, petitioner contended, and the state conceded, that the indictment in his other case ("Measure 11 case") was improperly pled under *State v. Poston*, 277 Or App 137, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750, *rev den*, 361 Or 886 (2017). *State v. Clardy*, 286 Or App 745, 773, 401 P3d 1188, *adh'd to as modified on recons*, 288 Or App 163, 406 P3d 219 (2017), *rev den*, 364 Or 680 (2019) (*Clardy I*). We reversed his convictions in the Measure 11 case due to that *Poston* error, but, because his counsel did not request reversal of the prostitution case convictions, we did not reverse those convictions. *State v. Clardy*, 288 Or App 163, 164, 406 P3d 219 (2017), *rev den*, 364 Or 680 (2019) (*Clardy II*).

The PCR court determined that appellate counsel was deficient for failing to request reversal of the prostitution case convictions as well as the Measure 11 case convictions. We agree that the failure to request the appropriate relief for the asserted claim "fell below an objective standard of reasonableness * * * under prevailing professional norms."

*Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

The PCR court next determined that petitioner was not prejudiced by that failure because he would not have received that relief had he requested it on appeal. To demonstrate prejudice for failure to raise an issue on appeal, petitioner must establish "more than mere possibility, but less than probability" that he would have been successful on appeal. *Green v. Franke*, 357 Or 301, 322-23, 350 P3d 188 (2015). In making that determination, the PCR court concluded that, because the *Poston* error occurred in the Measure 11 case indictment, it did not extend to the separately indicted prostitution case. It further determined that the proper joinder of the Measure 11 and prostitution cases resolved any harm associated with the improper internal joinder within the Measure 11 case. The state echoes that reasoning on appeal.

We disagree. That analysis incorrectly focuses on the effect of the improper joinder, reasoning that the proper joinder of the cases and the separate indictment sufficiently insulated the prostitution case from the improper joinder within the Measure 11 case, rather than focusing on the effect of the denial of the demurrer itself. *See Poston*, 277 Or App at 146 (evaluating whether "the error in denying the demurrer" affected the verdict). Had the Measure 11 case demurrer been granted, the Measure 11 case would have been dismissed prior to trial with the prostitution case. As such, the *Poston* error affected the prostitution case, so we must determine whether the *Poston* error was harmless as to the prostitution case.

If appellate counsel had argued that the *Poston* error in the Measure 11 case required reversal of the prostitution case as well, we would have evaluated whether the "evidence presented at trial on erroneously joined charges would be admissible *** in a hypothetical trial on each charge or properly joined group of charges." *Clardy I*, 286 Or App at 772 (internal quotation marks omitted) (explaining standard for *Poston* harmlessness evaluation). The evidence presented in the improperly joined Measure 11 case could not have been presented in a hypothetical prostitution case

trial. It is not implausible that the risk of unfair prejudice from evidence regarding the assault, robbery, and witness tampering charges would have outweighed any probative value, leading the trial court to exclude that evidence in a hypothetical prostitution case trial. *See id*. (requiring that, for evidence to be admissible as described in *Poston*, it must be "implausible that, had the defendant objected under OEC 403 or raised some other objection invoking the trial court's discretion, the trial court would have excluded that evidence in the hypothetical trial"). Accordingly, there is more than a mere possibility that we would have reversed the prostitution case convictions had appellate counsel requested that relief.[1] We therefore reverse and remand with instructions to grant post-conviction relief on petitioner's claim that appellate counsel was ineffective for failing to request reversal of Case No. 12-07-33213 and otherwise affirm.

Reversed and remanded.

---

[1] The PCR court also concluded that any Measure 11 case evidence admitted did not affect the verdict because there was "overwhelming" evidence against petitioner in the prostitution case. That argument was not made by the state on appeal. Due to the prejudicial nature of the Measure 11 case evidence involving other, more violent crimes, we cannot say that the evidence in the prostitution case was so overwhelming that the *Poston* error had little likelihood of affecting the verdict in the prostitution case, and therefore, that petitioner did not have more than a mere possibility of success on appeal. *See State v. Brown*, 326 Or App 46, 58, 531 P3d 178, *rev den*, 371 Or 332 (2023) ("'Evidence of other crimes usually is very prejudicial to the defendant because such a fact is often interpreted by the jury as evidence of bad criminal character.'" (Quoting *State v. Warren*, 364 Or 105, 115, 430 P3d 1036 (2018).)).